UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT BIGGER,

           Plaintiff,           Case No. 1:24-cv-10841

v.           Honorable Thomas L. Ludington
           United States District Judge

KYLE GRUBBS, et al.,

           Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Plaintiff Robert Bigger seeks to amend his Fourth Amendment excessive force complaint against Michigan State Police (MSP) Troopers Kyle Grubbs and Justin Henderson to add two new defendants: MSP Troopers Jonathan McGinn and Tanner Harrison. But Plaintiff knew—or should have known—that these two Troopers were present at the scene as early as December 2023, so any effort to add them now is the result of undue delay or bad faith. Either way, Plaintiff's Motion to Amend will be denied.

**I.**

Just after 5:00 PM on December 4, 2023, Maribel Anaya crashed her car while driving in Iosco County, Michigan. ECF No. 1 at PageID.3; *see also* Cole Waterman, *"This is America. I'll be Where I Wanna Be." Michigan Man Sues Police for Arresting Him at Crash Scene*, MLIVE (Apr. 3, 2024), https://www.mlive.com/news/saginaw-bay-city/2024/04/this-is-america-ill-be-where-i-wanna-be-michigan-man-sues-police-for-arresting-him-at-crash-scene.html [https://perma.cc/YY7S-77CV] [hereinafter MLive Article]. The car Anaya crashed was given to her by Plaintiff Robert Bigger and his wife, who allegedly "look out" for Anaya because she has "two adult handicapped children" and "struggles financially." ECF No. 1 at PageID.3.

After the crash, Anaya called Plaintiff and his wife, who arrived at the scene shortly after four Michigan State Police (MSP) Troopers. *Id.* As Trooper Kyle Grubbs and Justin Henderson prepared to issue a traffic ticket to Anaya, Plaintiff interrupted and questioned whether the ticket was necessary given Anaya's financial status. *See id.* at PageID.3–4; *see also* ECF No. 9 at PageID.48. Grubbs and Henderson asked Plaintiff to leave. ECF No. 1 at PageID.3–4. Plaintiff responded, "this is America I'll be where I wanna be" and *See* MLive, *MSP Arrests Man at a Crash Site in Iosco County, Who Has Since Filed a Federal Lawsuit Against Them*, YOUTUBE, at 0:07–0:12 (Apr. 3, 2024), https://www.youtube.com/watch?v=xgI_fmAsgBU&t=30s [https://perma.cc/NQ78-BMXB] [hereinafter Bodycam]. The MSP Troopers again asked Plaintiff to "go back to [his] vehicle," but Plaintiff responded that he was standing on "public land" and refused to leave the scene. *Id.* at 0:40–1:05. Trooper Grubbs then asked Plaintiff about his relationship with Anaya. *Id.* at 1:23. Plaintiff responded, "it doesn't matter." *Id.* at 1:26. Trooper Grubbs replied that Plaintiff could "either go back to [his] truck" or the Troopers "would take him" there. *Id.* at 1:27–1:40. Plaintiff did not leave, noting that he "would like to get answers" as to why the Troopers were issuing a ticket to Anaya. *Id.* at 1:46.

Trooper Grubbs raised his voice and told Plaintiff, "you don't need any answers. You don't get answers." *Id.* at 1:50–1:54. Plaintiff raised his voice and responded, "and who are you?" *Id.* at 1:54. Trooper Grubbs—now screaming—said, "I'm Trooper Grubbs with the Michigan State Police! I belong here! You don't! Go back to your car! . . . You go back to your car now! Or you're going to go under arrest for obstructing and resisting." *Id.* at 1:54–2:08. The Plaintiff, still standing in place, said, "obstruction is a physical act." *Id.* at 2:08. Still screaming, Trooper Grubbs told Plaintiff, "You've got one more chance to go back to your car now!" *Id.* at 2:17–19. Plaintiff screamed something undecipherable. *Id.*

Then, presumably, Plaintiff's wife is overheard pleading with Plaintiff, "come on, lets go." *Id.* at 2:22. Plaintiff started towards his car. *Id.* As he was leaving, Trooper Grubbs told Plaintiff's wife that she "better get" Plaintiff "back to his car because—." *Id.* at 2:28–31. Plaintiff spun around, briskly walked back towards the Troopers, and screamed, "She better not do nothing!" *Id.* at 2:31–2:33. At this point, with Plaintiff in his face, Trooper Grubbs told Plaintiff he was under arrest. *Id.* at 2:33–36. Trooper Henderson and Trooper Grubbs then pushed Plaintiff face-first into the snowy ground. *Id.* at 2:40.

The next thirty seconds of footage is fuzzy and black because the Troopers were physically on top of Plaintiff's back as they attempted to handcuff him. *See id.* at 2:40–3:10. But, during these 30 seconds, the Troopers told Plaintiff eight times to put his hands behind his back. *See id.* The Bodycam footage becomes viewable as the Troopers successfully get Plaintiff's hands behind his back. *Id.* at 3:10–15. Simultaneously, Plaintiff's wife—standing nearby—screamed, "please don't tase him! He's not doing anything!" *Id.* at 3:11–14. At this point, one of the Troopers tased Plaintiff.[1] *Id.* at 3:15. At the time of the tasing, Plaintiff was lying face-first on the ground with his hands behind his back and was physically restrained by at least two Troopers who had placed their body weight on Plaintiff's back. *See id.* Plaintiff screamed, "I'm not resisting," three times. *Id.* at 3:17–25. The Troopers then successfully handcuffed Plaintiff, about one-and-a-half minutes after they tackled him to the ground, helped him off the ground, and escorted him to an MSP vehicle. *See id.* at 4:04.

Plaintiff was charged in state court with one count of assaulting, resisting, or obstructing a police officer in violation of MICH. COMP. LAWS § 750.81(d)(1) and one count of disturbing the

---

[1] Plaintiff alleges Trooper Grubbs tased him "several times." ECF No. 1 at PageID.4. State court records state Plaintiff was tased twice. ECF No. 11-3 at PageID.84.

- 3 -

peace in violation of MICH. COMP. LAWS § 750.170. *See* ECF No. 11–2 at PageID.82. Plaintiff pleaded guilty to the latter charge, paid a $400 fine, and received credit for the two days he spent in jail. *See* MLive Article.

On April 2, 2024, Plaintiff filed a Complaint alleging that Troopers Grubbs and Henderson—in their individual capacities—employed excessive force in violation of the Fourth Amendment and 42 U.S.C. § 1983. *Id.* at PageID.4–5. Grubbs and Henderson filed a joint Answer on May 8, 2024. ECF No. 6. Three months later, Plaintiff filed a motion to amend his Complaint. ECF No. 9.

Plaintiff's proposed Amended Complaint adds two new Defendants: Jonathan McGinn and Tanner Harrison. *See* ECF No. 9-1. Plaintiff avers that, during discovery, he learned these two additional MSP Troopers were "in training" but nevertheless responded to the December 2023 crash alongside Grubbs and Henderson. ECF No. 9 at PageID.43. Confusingly, in his Motion to Amend, Plaintiff posits that both "McGinn and Harrison . . . used force to physically restrain" Plaintiff's legs at some point during his handcuffing and arrest. *Id.* at PageID.49. Yet, the proposed Amended Complaint attached to Plaintiff's motion to amend does not pursue a direct excessive force claim against them. *See* ECF No. 9-1. Instead, the proposed Amended Complaint adds a *failure to intervene* claim against these two new defendants *and* existing Defendants Grubbs and Henderson. *Id.* at PageID.58–59. Grubbs and Henderson responded that Plaintiff's amendments are futile and sought in bad faith for a dilatory purpose. ECF No. 11. Plaintiff did not reply.

## II.

Courts "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). But a motion to amend should be denied in the presence of (1) bad faith, undue delay, or dilatory tactics; (2) lack of notice to the opposing party; (3) a repeated failure on behalf of the

movant to cure deficiencies by previous amendments; (4) undue prejudice to the nonmovant; or (5) futility. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640–41 (6th Cir. 2018) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010). "The decision to grant or deny leave to amend is 'left to the sound discretion of the trial judge.'" *Halasz on behalf of H.H. v. Cass City Pub. Sch.*, 748 F. Supp. 3d 482, 491 (E.D. Mich. 2024) (quoting *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 591 (6th Cir. 1990)).

### III.

Justice does not require this Court to allow Plaintiff to amend his Complaint. Plaintiff's request to the contrary suggests undue delay and bad faith.

Plaintiff asserts that his proposed amendment is "based on newly discovered information" and claims he did not know that Harrison and McGinn "used physical force against [him]" until after discovery began. ECF No. 9 at PageID.42–43. But Plaintiff does not clearly explain this "newly discovered information" or when he discovered it.[2] *See generally id.* And, even giving Plaintiff the benefit of the doubt and assuming that—at the time he filed his initial complaint—he could not remember that there were four Troopers physically restraining him at the scene on December 4, 2023 or could not recall two of the Troopers' identities, the public record and the evidentiary record in this case reflect that Plaintiff knew—or should have known—the very next day.

---

[2] Plaintiff's Motion *implies* he discovered "new information" throughout McGinn's August 12, 2024 deposition. Although Plaintiff does not provide the relevant deposition transcripts, he alleges that McGinn testified that McGinn and Harrison did not "intervene[] against the force being used against [Plaintiff]." ECF No. 9 at PageID.49. Although this may be "newly discovered evidence" to add a "failure to intervene" claim against these two Troopers, it does not change the fact that Plaintiff knew—or should have known—that these Troopers were present at the December 2023 crash scene *and* used physical force to restrain Plaintiff as early as December 5, 2023. *See supra* Section III.

On December 5, 2023—five months before Plaintiff filed his federal civil Complaint against Grubbs and Henderson—the State of Michigan filed its criminal complaint against Plaintiff. The very first page of the criminal complaint identifies Trooper Harrison and Trooper McGinn as witnesses to Plaintiff's obstruction and disturbance, along with Grubbs and Henderson. ECF No. 11-2 at PageID.82. The third page of the criminal complaint alleged that "Tpr. Grubbs, Tpr. Henderson, *Tpr. Harrison*, and *Tpr. McGinn*" were dispatched to respond to the crash. *Id.* at PageID.84 (emphasis added). The complaint continues to allege that, after Grubbs and Henderson took Plaintiff to the ground, "*Tpr. Harrison* grabbed [Plaintiff's] feet and pulled them from underneath him, and secured his left leg. *Trp. McGinn* then secured [Plaintiff's] right leg." *Id.* (emphasis added). And, after Plaintiff was tased, the state criminal complaint alleges "*Tpr. Harrison* and Tpr. Henderson handcuffed [Plaintiff]." *Id.*

So Plaintiff knew—or should have known—about McGinn's and Harrison's involvement *months* before he filed his federal Complaint. And Plaintiff—who did not file a Reply—does not even attempt to argue otherwise or provide good cause to justify the delay. At best, Plaintiff's request to add these defendants at this juncture is the result of undue delay. At worst, his request to amend is sought in bad faith because his claim that these defendants were discerned from "newly discovered evidence" is untruthful.[3] Either way, his Motion to Amend will be denied. *See Sanders*

---

[3] A comparison of the claims asserted in the initial and proposed amended complaint further suggests bad faith. In his initial complaint against only Grubbs and Henderson, Plaintiff does not plead a failure-to-intervene claim. *See* ECF No. 1. But, in his proposed amended complaint against Grubbs, Henderson, Harrison, and McGill, Plaintiff pleads a failure-to-intervene against all four existing and proposed defendants. *See* ECF No. 9-1. Although a plaintiff may properly amend their complaint to add new claims against existing defendants, Plaintiff's motion to amend does not discuss why Plaintiff could not have pursued a failure-to-intervene claim against the existing Defendants—Grubbs and Henderson—in the initial complaint. Indeed, either innocently or deliberately, Plaintiff's motion to amend characterizes the failure-to-intervene claim as asserted only against McGinn and Harrison, *see* ECF No. 9 at PageID.50, but the text of the proposed

*v. Michigan Supreme Ct.*, 329 F.R.D. 174, 176 (E.D. Mich. 2019) (denying motion to amend in part because "Plaintiff would have been aware of the basis for and the facts underlying the[] new claims and new Defendants when she filed her initial complaint" and has not shown good cause to justify the undue delay).

### IV.

Accordingly, Plaintiff's Motion to Amend, ECF No. 9, is **DENIED.**

**This is not a final order and does not close the above-captioned case.**

| | |
|---|---|
| Dated: March 31, 2025 | s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge |

---

amended complaint clearly reflects this claim is pursued "as to all Defendants." ECF No. 9-1 at PageID.58.